UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY L. GRIFFITH**               **CIVIL ACTION**

**VERSUS**                            **NO. 14-470-RLB**

**O'REILLY AUTOMOTIVE STORES, INC.**  **CONSENT CASE**

## ORDER

This matter is before the court on Plaintiff's Motion to Compel Discovery Responses and for Sanctions (R. Doc. 17) filed on November 24, 2015. The motion is opposed. (R. Doc. 19).

**I.    Background**

This is an employment discrimination action. On September 15, 2015, Plaintiff propounded his Second Set of Requests for Production of Documents to Defendant. (R. Doc. 17-2). The sole request for production seeks the "personnel files and/or work-related files" for six current and/or former employees of Defendant.

On October 19, 2015, the parties held a discovery conference in which Plaintiff granted Defendant an extension to October 29, 2015, to respond to his discovery request. (R. Doc. 17-3). Defendant did not provide any written responses or otherwise produce any documents by this deadline. (R. Doc. 17 at 1).

On November 18, 2015, defense counsel contacted Plaintiff's counsel and provided a draft proposed Joint Motion for Protective Order. (R. Doc. 17-4 at 3). Defense counsel informed Plaintiff's counsel that after they reached an agreement on the form of the motion, he would provide it to his client and, thereafter, provide a response to the discovery request "with the personnel files and accompanying Privilege Log." (R. Doc. 17-4 at 3). Plaintiff's counsel approved of the draft protective order, but requested that it be submitted as an unopposed motion

as opposed to a joint motion. (R. Doc. 17-4 at 2). Plaintiff's counsel further stated that defense counsel had the opportunity to propose a protective order governing the responsive documents prior to the deadline to respond to discovery and requested a specific date on which the documents would be produced. (R. Doc. 17-4 at 2).

On November 19, 2015, defense counsel provide a "revised" version of the motion and protective order and stated he would "seek a definitive answer on a target date for the document production subject to our agreement and will advise accordingly." (R. Doc. 17-4 at 1). Plaintiff's counsel agreed to the revisions to Defendant's Consent Motion for Protective Order that same day. (R. Doc. 17-4 at 1).

On November 24, 2015, Plaintiff filed the instant motion, which seeks an order compelling responses to the propounded discovery requests and an award of reasonable expenses incurred in bringing the motion. (R. Doc. 17-1). The motion represents that the parties' October 19, 2015 discovery conference constituted the Rule 37(a)(1) conference required prior to the filing of a motion to compel.

On December 2, 2015, Defendant filed its Consent Motion for Protective Order. (R. Doc. 19).

On December 4, 2015, Defendant filed its Opposition to the instant motion. (R. Doc. 20). Defendant argues that the motion to compel is "premature" as the parties have been "working together to prepare and submit" Defendant's Consent Motion for Protective Order. (R. Doc. 20).

**II.    Law and Analysis**

If a party fails to respond fully to requests for the production of documents in the time allowed by Rule 34(b)(2)(A), the party seeking discovery may move to compel responses pursuant to Rule 37(a)(3)(B). A motion to compel "must include a certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The discovery requests at issue were propounded on September 15, 2015. Plaintiff granted an extension to respond to this discovery request no later than October 29, 2015. There is no indication in the record that Plaintiff's counsel subsequently provided defense counsel with an explicit extension beyond the October 29, 2015 deadline. The record does indicate, however, that defense counsel sought approval for submission of Defendant's motion for protective order on November 18, 2015. While Plaintiff's counsel correctly informed defense counsel that a protective order concerning confidential information should have been discussed at an earlier point, Plaintiff's counsel appeared to implicitly agree to a reasonable extension of time for Defendant to seek entry of a protective order prior to providing any responses to the discovery requests.

That said, it is unclear why Defendant did not timely respond to Plaintiff's discovery requests propounded on September 15, 2015. Defendant should have sought a timely protective order or confidentiality agreement prior to the deadline to responding to Plaintiff's discovery requests and/or timely responded to Plaintiff's discovery requests subject to withholding any "confidential" information pending the entry of such an order. It is further unclear why, after obtaining Plaintiff's consent to seek entry of a protective order on November 18, 2015, Defendant waited until December 2, 2015 (and after the filing of Plaintiff's Motion to Compel) to seek entry of the agreed-upon protective order.

Based on the foregoing, the court will grant Plaintiff's Motion to Compel. As Defendant did not make any timely objections to Plaintiff's discovery requests outside of the concerns that are addressed by the agreed upon protective order, the court finds that it has waived its

objections to Plaintiff's Second Requests for Production of Documents, with the exception of any applicable privileges, immunities, or other protections from disclosure.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make the award of expenses unjust." *Id*. Considering the communications between counsel for the party, it appears that defense counsel was placed under the impression that he was granted an extension to provide responses until after the court entered an appropriate protective order.   Accordingly, the court finds circumstances making an award of expenses unjust.

### III.    Conclusion

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED**.  Defendant shall respond to Plaintiff's Second Set of Requests for Production of Documents to Defendant within

**7 days** of the date of this Order.[1]  Any objections to Plaintiff's Second Set of Requests for Production of Documents to Defendant shall be limited to any applicable privileges, immunities, or other protections from disclosure.

    **IT IS FURTHER ORDERED** that the parties shall bear their own costs.

    Signed in Baton Rouge, Louisiana, on December 9, 2015.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] By separate order, the court is granting Defendant's Consent Motion for Protective Order (R. Doc. 19) and entering into the record the proposed Protective Order (R. Doc. 19-1), with certain modifications.